**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ERIEN FRAZIER,

        Plaintiff,

        vs.

RJM ACQUISITIONS, LLC,

        Defendant.

CASE NO. 1:14-CV-00047-WDQ

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I.      INTRODUCTION**

Defendant RJM Acquisitions, LLC ("RJM") submits this memorandum of law in support of its motion for summary judgment, pursuant to Fed. R. Civ. P. 56.

The gravamen of Plaintiff Erien Frazier's Complaint is that RJM Acquisitions, LLC ("RJM") inquired into her TransUnion credit report between March 1, 2011 and February 10, 2012.[1]  (DE 1, ¶¶8-10.)  Plaintiff claims that these inquiries were made "without a permissible purpose."  (DE 1, ¶¶8-10.)  Plaintiff is mistaken.  As the undisputed facts will show, and in fact as Plaintiff's own Complaint alleges, these inquiries were made in connection with an attempt to collect a debt owned by RJM, and therefore, were made with a permissible purpose under the Fair Credit Reporting Act ("FCRA") and its Maryland counterpart, the Maryland Consumer Credit Reporting Agencies Act ("CCRAA").

**II.     STATEMENT OF UNDISPUTED FACTS**

On or about August 2002, RJM purchased a Fingerhut Account from Fingerhut.  (Matte Aff. ¶ 3.)  The information provided by Fingerhut as part of the purchase of the debt indicated

---

[1] In fact, this is incorrect.  As set forth in detail hereafter, RJM did not inquire into Plaintiff`s credit report.  Rather, TransUnion and Experian provided RJM with updates as to Plaintiff`s address and contact information.  (Affidavit of Scott Matte ["Matte Aff."] ¶ 5.)

that the account was opened by an Erien Frazier, had a past due balance of $188.28, and included a last known address for Ms. Frazier of 1127 Pennsylvania Avenue, Hagerstown, MD 21742. (Matte Aff. ¶ 4.)

In connection with RJM's attempt to collect on the Fingerhut Account, after it became the owner and holder of same, RJM employed programs available to creditors/debt collectors through TransUnion and Experian that, utilizing last known information on the debtor, provide address and contact updates, not credit reports, for debtors. (Matte Aff. ¶ 5.)   RJM's intent in using the TransUnion and Experian programs was to obtain address updates for the debtor, Ms. Frazier, to assist in the collection of the overdue Fingerhut Account. (Matte Aff. ¶ 6.)

Each time an address is updated through the TransUnion or Experian programs utilized by RJM, a "soft inquiry" is placed upon the consumers file within the respective credit bureau's database, letting the consumer know that a creditor has sought contact information regarding him/her.  (Matte Aff. ¶ 7.)  These "soft inquiries" are visible only to the consumer and are not seen by a potential creditor reviewing the consumer's credit history, nor are they used in the calculation of the consumer's credit score. (Matte Aff. ¶ 8.)   At no time did RJM access information regarding Plaintiff through any credit reporting agency for any purpose other than collection of debt owned and held by RJM. (Matte Aff. ¶ 9.)

## III.    CLAIMS ALLEGED BY PLAINTIFF

Plaintiff asserts that RJM violated 15 U.S.C. § 1681 *et seq.* of the Fair Credit Reporting Act ("FCRA") by obtaining limited information from TransUnion without a permissible purpose. Similarly, Plaintiff asserts that the same act violated the Maryland Commercial Law Article, § 14-1201 *et seq.*, the Maryland Consumer Credit Reporting Agencies Act.[2]

---

[2] Plaintiff's First Cause of Action is entitled "Violation of Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 Wilful Non-Compliance by Defendant RJM Acquisitions LLC."  However, all of the allegations in Count I

## IV.    LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of her pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks & emphasis omitted); *see Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir.2006); *see Ash v. UPS*, 800 F.2d 409, 411-12 (4th Cir. 1986) (per curiam) ("[U]nsupported speculation ... is not sufficient to defeat a summary judgment motion.") Nor can the nonmoving party "create a

refer to the FCRA, and willfulness is not part of an FDCPA analysis.  Plaintiff has admitted this was a mistake and has acknowledged that she did not intend to assert an FDCPA claim.  (Affidavit of Birgit Stuart , ¶ 3, Exh. A, Interrogatory No.1.)

genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (footnote omitted).

## V.    LEGAL ANALYSIS

### A.    RJM Had a Permissible Purpose to Obtain Information Regarding Plaintiff and Did Not Violate the FCRA

15 U.S.C. Section 1681b(a) provides that:

> [A]ny consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> . . .
> (3) To a person which it has reason to believe--
>     (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving . . . collection of an account of the consumer.

In turn, Section 1681b(f) provides that a user of a credit report must intend to use the report for one of the purposes enumerated in §1681b(a).

"To prove a violation of the FCRA, plaintiff must show that defendant[] had an impermissible purpose in obtaining the credit report or, in other words, that they lacked a permissible purpose." *Korotki v. Attorney Services Corp. Inc.*, 931 F.Supp. 1269, 1276 (D.Md.1996). Plaintiff asserts that RJM obtained her credit report without a permissible purpose as required by 15 U.S.C. § 1681b.  (DE 1, ¶¶ 8-10, 15 & 19.)   However, the undisputed material facts demonstrate that Plaintiff's information was obtained in connection with the collection of an account of the consumer -- a permissible purpose under the FCRA.  *Id.,* at 1277; *see also, Alston v. CCS,* 2013 WL 4543364, *3 (Aug. 26, 2013) ("the undisputed facts, however, indicate that [defendant debt collector] pulled Plaintiff's credit report in furtherance of collecting on a debt that [defendant] believed Plaintiff owed, which is a valid purpose under Section

1681b(a)(3)(A)."); *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x, 40, 43 (7th Cir. 2009) ("because [defendant] was obtaining the [credit] report on behalf of the owner of the debt, [defendant] had a legitimate purpose" under 1681b(3)(A)); *Smith v. John P. Frye, P.C.*,  2011 WL 748363,  *3 (N.D. Ill. Feb.  24, 2011) ("obtaining a credit report in connection with collection of a debt is a permissible purpose for obtaining a consumer report under the FCRA"); *Criddell v. TransUnion, LLC*,  2010 WL 1693093,  *4 (ND. Ill. Apr.  27, 2010) ("because [defendant] was acting as a debt collection agency, it had a legitimate reason to obtain [plaintiff's] credit report").

Here, Plaintiff specifically alleged RJM was attempting to collect a debt, although she alleges the debt was "non-existent." (DE 1, ¶ 11.)  However, the fact that Plaintiff disputes the validity of the debt is of no consequence. Rather, "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki*, *supra*,  at 1276. Courts have noted that "the plain language of the statute [15 U.S.C § 1681b(a)(3)] focuses on the *intent* of the party obtaining the consumer report." *Trikas v. Universal Card Servs. Corp.*, 351 F.Supp.2d 37, 42 (E.D.N.Y. 2005) (emphasis in original); *see also Miller v. Rubin & Rothman*, 2011 WL 4359977, *3 (D.Minn. Sept. 19, 2011.) Moreover, "the FCRA is not violated if the entity seeking the credit report made a good faith error in pulling the report." *Beckstrom v. Direct Merchant's Credit Card Bank*, 2005 WL 1869107, *3 (D.Minn. Aug. 5, 2005) *citing Korotki*, 931 F.Supp. at 1276. Here, the undisputed facts demonstrate that RJM had reason to believe that Plaintiff owed the debt, in that she was identified as the debtor by the original creditor, Fingerhut.  Her last contact information provided by Fingerhut was then supplied to TransUnion and Experian to search out Plaintiff's current location for purposes of communicating with her about the debt.  The information received through TransUnion and

Experian indicated to RJM that the Plaintiff was in fact the person who opened the Fingerhut Account.  But even if this were a case of mistaken identity, no liability would attach, as the debt collector need not have "conclusive proof" that the consumer owes the debt to access contact information.  *Korotki, supra,* at 1276; *see also, Cambridge Title Co. v. Transamerica Title Insurance Co.*, 817 F.Supp.1263, 1278 (D.Md. 1993), *aff'd* 989 F.2d 491 (4th Cir. 1993).

"Whether a permissible purpose existed is a question of law." *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F.Supp.2d 819, 821 (D.Minn. 2005) (citation omitted); *see also Edge v. Professional Claims Bureau, Inc.*, 64 F.Supp.2d 115, 117 (E.D.N.Y. 1999). RJM has demonstrated as a matter of law that it had a permissible purpose and summary judgment should be granted in its favor and against Plaintiff on Counts I and II of her Complaint.

### B.   RJM Did Not Violate Maryland Commercial Law Article § 14-1202 as It Had a Permissible Purpose to Obtain Plaintiff's Information

Plaintiff also maintains that RJM violated Maryland Commercial Law Article § 14-1202. Just as in 15 U.S.C. § 1681b, the CCRAA provides that a permissible purpose exists when one: "Intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving  . . . collection of an account, of the consumer."  Md. Com. Law § 14-1202(a)(3)(i).

Courts that have considered claims under both the FCRA and the CCRAA have noted that they are "virtually identical" and have applied the same standards. *Ausherman v. Bank of Am. Corp.,* 352 F.3d 896, 899–900 (4th Cir. 2003); *Korotki, supra*, at 1280; *Cambridge Title, supra,* at 1278.

Thus, when a court has found that a permissible purpose existed under the FCRA, so has the court found that a permissible purpose existed under the CCRAA.  Accordingly, for the same reasons that Plaintiff's FCRA claims fail, so too do Plaintiff's CCRAA claims fail, and summary

judgment should be entered in favor of RJM on Counts III and IV of Plaintiff's Complaint.

## VI.    CONCLUSION

Plaintiff simply has no claim for relief against RJM.  As owner and collector of the Fingerhut Account it had reason to believe belonged to Plaintiff, RJM had a permissible purpose to request TransUnion and Experian to use the existing contact data to obtain current contact information for the Plaintiff.  The "soft inquiry" utilized placed no negative notation on Plaintiff's credit, and was done completely in compliance with the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act.

Defendant RJM therefore respectfully requests that summary judgment be entered in its favor on all counts, and that Plaintiff's Complaint be dismissed with prejudice.

THE LAW OFFICES OF RONALD S. CANTER, LLC


/s/ Birgit Dachtera Stuart
Birgit Dachtera Stuart, Esquire
Bar No. 17420
200 A Monroe Street, Suite 104
Rockville, Maryland  20850
Telephone:  (301) 424-7490
Facsimile:  (301) 424-7470
E-Mail:  bstuart@roncanterllc.com
*Attorney for Defendant RJM Acquisitions, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by first class mail, postage prepaid on this 12th day of August, 2014 to:

> Erien Frazier
> P.O. Box 25
> Hagerstown, MD 21740
> *Pro Se Plaintiff*

> /s/ Birgit Dachtera Stuart
> Birgit Dachtera Stuart, Esquire
> *Attorney for Defendant RJM Acquisitions, LLC*